[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REQUIRE DEPOSITION IN CONNECTICUT CT Page 11308 OF OUT-OF-STATE DEFENDANT
The plaintiff, Nathaniel Plotkin, seeks an order requiring defendant Dilip Barot, a resident of Florida, to attend a second day of deposition in Bridgeport, Connecticut. Barot has filed a motion for protective order in which he objects to being required to travel to Connecticut for an additional day of deposition.
In his motion the plaintiff states that he is unable to serve Barot with a subpoena in Connecticut, as Barot neither resides in Connecticut nor has any plans to be in Connecticut before the commencement of trial in October 2001. Barot represents in an affidavit dated August 8, 2001, and notarized in India that he was in Connecticut on February 17, 1998, and therefore attended a deposition by the plaintiff in Bridgeport on that day, but that he no longer travels to Connecticut on business. He averred that he is currently engaged in development projects "both within the country and internationally" and that "it would cause me extreme inconvenience to be forced at this time to travel to Connecticut for another deposition."
This case arises from the plaintiffs claim that he was wrongfully excluded from performing legal services in connection with the defendant's participation in a proposal to build public housing in Bridgeport.
Practice Book § 13-29(c) provides as follows with regard to the place where the deposition of an out-of-state defendant may be taken:
(c) A defendant who is not a resident of this state may be compelled:
 (1) By subpoena to give a deposition in any county in this state in which the defendant is personally served;
 (2) By notice under Section 13-27 (a) to give a deposition at any place within thirty miles of the defendant's residence or within the county of his residence or at such other place as is fixed by order of the judicial authority.
The movant acknowledges that because defendant Barot resides in Florida and does not visit Connecticut, he is unable to serve him with a subpoena. He therefore asks the court to require defendant Barot to attend a deposition in Bridgeport rather than at a location within thirty CT Page 11309 miles of his Florida residence, pursuant to P.B. § 13-29(c)(2). The plaintiff has not alleged that Barot was ever a resident of Connecticut.
The parties have not cited and the court has not located any appellate rulings concerning the imposition by a trial court of a requirement that a party who lives out of state attend a deposition in Connecticut for the convenience of the plaintiff
As Justice, then Judge, Berdon ruled in Sansone v. Haselden,1 Conn. L. Rptr. 520 (1990), with regard to such a request:
 [t]he court in exercising its discretion must do so in a manner which accommodates the special circumstances of each case. Some of the factors it should consider are the financial circumstances of the parties, whether the plaintiff seeking to take the deposition of the out-of-state defendant offers to pay his or her travel and living expenses, whether the defendant was personally served in Connecticut with the writ and complaint while he or she was a resident and thereafter voluntarily moved out of Connecticut, the hardship that travel may impose on a party, the availability of counsel being able to promptly resolve disputes which require a judicial determination if the deposition is taken in the forum, the effectiveness of obtaining discovery through other means such as written interrogatories or the taking of the defendant's deposition in Connecticut at the commencement of trial, and such other considerations.
The plaintiff, an attorney, has not supplied the court with an affidavit indicating that his assets are insufficient to enable him to depose the defendant in Florida. The plaintiff has not, in his motion, offered to pay the defendant's travel and living expenses related to traveling to Bridgeport to attend another deposition. While the plaintiff observes in his motion that counsel for other parties would have to travel to Florida if the deposition were to be held there, the court has no indication that any of the other defendants has any desire to depose defendant Barot. Defendant Barot has submitted an affidavit indicating that his business in various locations requires his attention, and that it would be inconvenient to travel to Connecticut before the trial commences on October 1, 2001. Attending a deposition in Connecticut would occasion the expenditure of more time away from his business and personal pursuits than attending a deposition near his residence in Florida.
The plaintiff has already had an opportunity to file written CT Page 11310 interrogatories and requests for production since he commenced this case in 1997, and he has conducted a deposition of defendant Barot on February 17, 1998. The plaintiff has offered no explanation for his failure to complete the deposition of defendant Barot at that time.
Under all of the circumstances, this court concludes that there is insufficient reason to require defendant Barot to travel to Bridgeport to be deposed prior to trial.
The plaintiffs July 17, 2001 motion, which is titled "Motion for Permission to Take Deposition of Defendant Dilip Barot in the State of Connecticut" is denied.
Beverly J. Hodgson Date Judge of the Superior Court